OPINION
This is an accelerated appeal taken from a final judgment of the Ravenna Division of the Portage County Municipal Court. Following a bench trial, appellant, Richard P. Buleski, was convicted of driving while under the influence of alcohol and failure to obey a traffic control device.
From this judgment, appellant filed a timely notice of appeal with this court. He now asserts the following assignment of error:
 "The Trial Court erred in refusing to grant the Motion of the Defendant to Dismiss the case entirely at the time of the Trial on January 7, 1999 on the basis that neither [of the] Complaining Witnesses for the Prosecution appeared at the Hearing on the Motion to Suppress."
On December 18, 1998, a deputy with the Portage County Sheriff's Department arrested appellant in Ravenna, Ohio for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1). After being transported to the police station, appellant consented to a Breathalyzer test. Because appellant's breath-alcohol level registered above the legal limit, he was also cited for driving with a prohibited concentration of alcohol in his breath in violation of R.C. 4511.19(A)(3). Finally, the arresting officer cited appellant for failure to obey a traffic control device in violation of R.C. 4511.12.
The specific facts underlying the traffic stop and subsequent arrest are irrelevant for purposes of our appellate analysis. Instead, our focus is on the procedural history of the case.
Appellant pled not guilty to the charges at his initial appearance. On October 28, 1998, appellant filed a motion to suppress all of the evidence against him. As grounds for the motion, appellant asserted: (1) that the deputy had no constitutional basis upon which to stop and arrest him; and (2) that the subsequent Breathalyzer test was not conducted in accordance with the applicable Ohio Administrative Code regulations.
A hearing on the motion to suppress was scheduled for December 2, 1998, and subpoenas were issued to the arresting officer and another deputy involved in the roadside stop. The trial of the matter was set for January 7, 1999.
On December 2, 1998, both officers failed to appear at the motion hearing. Because no testimony was taken, there is no transcript of this proceeding. The prosecutor, however, filed a pretrial report memorializing what transpired during the hearing. In the "Stipulations/Recommendations" section of the report, the prosecutor wrote, "Motion granted Test is out" because the complaining witnesses (i.e., the two deputies) had failed to appear for the motion hearing. Under the "Pleas or Trial" section of the document, it was clearly indicated that the matter was still scheduled for a trial to the court.
The prosecutor and defense counsel both signed the pretrial report. There is nothing in the record to suggest that the trial court either saw or approved the agreement reached between counsel as reflected in the report.
The case proceeded to a bench trial on January 7, 1999. At the outset of this proceeding, the prosecutor informed the trial court that the state had previously agreed not to introduce the results of the Breathalyzer test, so the charge arising under R.C.4511.19(A)(3) should be dismissed. As a result, the prosecutor indicated that only the two remaining charges needed to be tried.
Following this exchange, defense counsel moved to dismiss all pending charges on the ground that the deputies had failed to appear at the suppression hearing. Given the officers' absence from the December 2, 1998 hearing, defense counsel argued that he had not been afforded the opportunity to challenge the constitutionality of the initial traffic stop and the resulting arrest.
The trial court examined the pretrial report that had been filed in relation to the December 2, 1998 proceeding. Upon doing so, the trial court found that an understanding had been reached between the prosecutor and defense counsel whereby the two sides agreed that the Breathalyzer results would be excluded from coming into evidence. The trial court also noted that the report indicated that the matter was still scheduled for trial on the remaining two charges and that defense counsel had signed the document. Consequently, the trial court overruled the motion to dismiss the charges and ordered that the case proceed to trial.
Following a trial to the bench, the trial court found appellant guilty of driving while under the influence of alcohol and failure to obey a traffic control device. After merging the offenses for purposes of sentencing, the trial court ordered appellant to serve ninety days in jail along with a $500 fine. Eighty days of the jail term were conditionally suspended. At the prosecutor's request, the trial court dismissed the charge arising under R.C. 4511.19(A)(3). Execution of the sentence was stayed pending appeal.
In his sole assignment of error, appellant posits that the trial court erred by denying his motion to dismiss the charges. From appellant's perspective, the entire case was disposed of during the December 2, 1998 proceeding, the date of the originally scheduled hearing on his motion to suppress.
As described earlier, the motion to suppress filed by appellant requested that the trial court bar the introduction of all evidence flowing from the traffic stop. The motion was aimed at two distinct issues: (1) the constitutionality of the traffic stop and arrest; and (2) whether the Breathalyzer test was conducted in accordance with the standards set forth in the Ohio Administrative Code.
On appeal, appellant takes the position that the motion to suppress was granted in totality on the assigned hearing date. In support of this, appellant argues that the pretrial report which appears in the record clearly contains a notation handwritten by the prosecutor to the effect that the motion was granted because the complaining witnesses failed to appear. Appellant contends that this reference was to the motion as a whole. If so, then there would not have been any evidence remaining upon which to prosecute appellant because the motion went to all of the evidence flowing from the traffic stop and arrest, including the subsequent Breathalyzer test.
Appellant's argument is unfounded. It is obvious that the motion to suppress was not granted by virtue of any agreement reached between counsel as reflected in the pretrial report. Although it is true that the pretrial report contains a handwritten note suggesting that the motion to suppress was "granted," the full notation reads as follows: "Motion granted Test is out[.]" The obvious inference to be drawn is that the attorneys reached an agreement to suppress only the results of the Breathalyzer analysis. The notation specifically referenced the alcohol breath test, but it made no allusion to the testimony of the deputies regarding what they observed at the scene of the traffic stop.
Only the trial court had the authority to grant or deny appellant's motion to suppress. The pretrial report, therefore, is not an adjudication on the merits of the motion to suppress. It is not captioned as a judgment entry, and it is not signed by the trial judge. Thus, it most certainly did not represent the trial court's judgment with respect to the motion. Rather, the document in question is a report memorializing an agreement reached prior to trial between the prosecutor and defense counsel with regard to a specific evidentiary matter, to wit: the inadmissibility of the Breathalyzer test. For these reasons, this specific argument subsumed within the assigned error is not meritorious.
Our analysis, however, does not end there. A review of the transcript of the January 7, 1999 bench trial sheds light on several points. At the start of this proceeding, the trial court initially asked whether the parties were there to conduct a suppression hearing or a trial. The prosecutor indicated that what was to follow was a trial because the parties had previously agreed that the Breathalyzer test would not be introduced as evidence. Subsequently, there was some discussion between the trial court and counsel clarifying this interpretation of the pretrial report.
The trial transcript further reveals that defense counsel thereafter argued that the remaining charges should still be dismissed because the two deputies failed to appear at the suppression hearing. In light of the deputies' absence from the December 2, 1998 hearing on the motion to suppress, counsel claimed that he was denied the chance to inquire into the possibility that the initial stop and subsequent arrest were unconstitutional.
In response to this argument, the trial court stated:
 "[Y]ou signed this pretrial sheet, which was executed on December 2nd, and it says at the motion the test is out and you signed that. That tells this Court that you agreed that if the test were out then the prosecutor could still proceed on the other two charges so I'm going to overrule your motion."
This is one of those interesting procedural postures in which the grounds for an appeal have been laid, even though the specific error may have been mischaracterized. The record clearly demonstrates that the second issue raised in appellant's motion to suppress (i.e., the validity of the Breathalyzer testing procedure) was resolved at the December 2, 1998 hearing as memorialized in the pretrial report. Specifically, the prosecutor and defense counsel agreed that the Breathalyzer analysis would not be introduced at trial.
However, the first issue raised in appellant's motion to suppress (i.e., the constitutionality of the stop and arrest) is more problematic. It appears that the trial court never expressly addressed the Fourth Amendment search and seizure issues implicated by the roadside detention and subsequent arrest of appellant. This aspect of the motion was not resolved at the December 2, 1998 hearing because the deputies failed to attend this proceeding. As a result, the following issues remained unresolved at the time the bench trial commenced on January 7, 1999: (1) whether the police initially had probable cause to stop appellant for the purpose of issuing him a traffic citation for running a red light;[1] and (2) whether the police thereafter acquired different probable cause to arrest appellant for driving while under the influence of alcohol based upon his physical appearance and poor performance on a battery of field sobriety tests.
This court declines to presume that the trial testimony elicited from the deputies would have been the same if the specific issue of the constitutionality of the traffic stop and arrest had been before the trial court in a separate suppression hearing. Hence, the judgment of the trial court must be reversed and the matter remanded for that court to address the Fourth Amendment issues raised by appellant in his motion to suppress.
Based on the foregoing analysis, the assignment of error is well-taken, but only to the extent indicated. Accordingly, the judgment of the trial court is reversed, and the matter is hereby remanded for further proceedings consistent with this opinion.
 ___________________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J., concurs, O'NEILL, J., concurs in judgment only.
[1] Appellant was originally stopped for driving through an intersection while the traffic light was red. This court has previously held that "when a police officer witnesses a motorist in transit commit a traffic violation, the officer has probable cause to stop the vehicle for the purpose of issuing a citation."State v. Carleton (Dec. 18, 1998), Geauga App. No. 97-G-2112, unreported, at 4, 1998 WL 964286. Thus, if appellant ran a red light as alleged, then the police would not only have had reasonable suspicion, but rather probable cause to effect the traffic stop.